USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/20/11

$\mathcal{S}\text{TANTON}$

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHRAGA LEVIN

Plaintiff,

-against-

IMAGINING DIAGNOSTIC SYSTEMS, INC.,

Defendant.

Index No. 11 Civ. 1392 (LLS)

**SETTLEMENT
AGREEMENT**

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Settlement Agreement") is made by and between

Plaintiff Shraga Levin ("Levin") and Defendant Imagining Diagnostic Systems, Inc. ("IMDS").

WHEREAS, on or about August 1, 2008, IMDS issued to Levin a warrant to purchase

shares of IMDS's common stock (the "Warrant");

WHEREAS, on March 1, 2011, Levin filed the above-captioned action against IMDS to

enforce certain terms of the Warrant (the "Action"); and

WHEREAS the parties wish to resolve the Action and settle all outstanding obligations

under the Warrant amicably and without any admission of fault or liability.

THEREFORE, the parties hereby agree to the following settlement:

## TERMS OF SETTLEMENT

1.    In exchange for the Warrant, IMDS will issue to Levin or its designees, 2,907,333

free-trading shares of its common stock (the "Settlement Shares") within three (3) business days

of IMDS's receipt of shareholder approval to increase its authorized shares from 950,000,000 to

2,000,000,000 shares (the "Shareholder Authorization"). The Settlement Shares when issued

will be fully-paid, non-assessable and not require any Securities and Exchange Commission or state registration.

2.    For purposes of Rule 144 promulgated under the Securities Act, IMDS acknowledges that Levin or his designee's holding period for the Settlement Shares tacks back to August 1, 2008, the original issue date of the Warrant. The Settlement Shares will be delivered without any restrictive legend and will be eligible for sale under Rule 144, without volume limitations.

3.    IMDS represents that it is currently seeking the Shareholder Authorization, which is sufficient to meet its obligations hereunder and under all other agreements pursuant to which IMDS is obligated to issue shares.

4.    If the Settlement Shares are not delivered to Levin or his designee, by July 31, 2011, then on August 1, 2011 and on every monthly anniversary thereafter the total amount of Settlement Shares shall increase by 58,146 shares. (By way of example: if the Settlement shares are not delivered by July 31, 2011, then on August 1, 2011 the total Settlement Shares shall be 2,965,480. If the Settlement shares are not delivered by August 31, 2011, then on September 1, 2011 the total Settlement Shares shall be 3,023,626.)

5.    Upon Levin's or his designee's receipt of the Settlement Shares, the parties will have their attorneys' file a Stipulation of Dismissal With Prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), in the form attached hereto.

6.    Upon receipt of the Settlement Shares, Levin shall return the Warrant to IMDS.

7.    RELEASES.

    a.    Upon the execution of this Settlement Agreement and in consideration of the

terms and conditions of this Settlement Agreement, and except for the obligations and

representations arising or made hereunder or a breach hereof, IMDS hereby releases, acquits and

forever discharges Levin and all of his agents, employees, representatives, attorneys, heirs,

successors and assigns (the "Released Parties"), of and from any and all claims, damages, causes

of action, suits and costs, of whatever nature, character or description, whether known or

unknown, anticipated or unanticipated, which the parties may now have or may hereafter have or

claim to have against each other from the beginning of time through the date of this Settlement

Agreement.

        b.      Upon Levin's or his designee's receipt of the Settlement Shares and in

consideration of the terms and conditions of this Settlement Agreement, and except for the

obligations and representations arising or made hereunder or any breach hereof, Levin hereby

releases, acquits and forever discharges IMDS and, all of its current and past affiliated

corporations, subsidiaries, agents, employees, representatives, attorneys, predecessors,

successors and assigns (the "Released Parties"), of and from any and all claims, damages, causes

of action, suits and costs, of whatever nature, character or description, whether known or

unknown, anticipated or unanticipated, which the parties may now have or may hereafter have or

claim to have against each other from the beginning of time through the date of this Settlement

Agreement.

        8.      This Settlement Agreement shall be binding on all parties executing this

Settlement Agreement and their respective successors, assigns and heirs.

        9.      REPRESENTATIONS AND WARRANTIES.      Each party to this Settlement

Agreement represents and warrants that the execution, delivery and performance of this

19017977.13

Settlement Agreement and the consummation of the transaction provided in this Settlement

Agreement have been duly authorized by all necessary action of the respective entity and that the

person executing this Settlement Agreement on its behalf has the full capacity to bind that entity.

10.    Each party acknowledges that it has been represented by independent counsel of

its choice with the negotiation and execution of this Settlement Agreement and that counsel has

reviewed this Settlement Agreement.

11.    This Settlement Agreement may be signed in counterparts and the Settlement

Agreement, together with its counterpart signature pages, shall be deemed valid and binding on

each party when duly executed by all parties.  Facsimile and/or digital copies of signatures, such

as in PDF format, for example, shall be deemed valid and binding for all purposes.

12.    IMDS agrees that Levin will suffer irreparable harm in the event IMDS does not

timely deliver the Settlement Shares which it is required to deliver hereunder.  Levin, therefore,

in addition to all other remedies, shall be entitled to equitable relief to enforce the terms hereof

with any need to post a bond.  The prevailing party in any proceeding under this Settlement

Agreement shall be entitled to recover its costs and expenses, including reasonable attorney's

fees, in connection with any such proceeding.

13.    IMDS shall disclose the terms of this Settlement Agreement on a Current Report

on Form 8-K, or such other form as may be required, within four business days after this

Settlement Agreement is fully executed by both Levin and IMDS.

14.    The Court shall retain jurisdiction to enforce the terms of this Settlement

Agreement and to determine any claims arising hereunder.  IMDS agrees to submit to the

personal jurisdiction of the United States District Court for the Southern District of New York

for purposes of enforcing this Settlement Agreement.

[REST OF THIS PAGE LEFT INTENTIONALLY BLANK]

19017977.15

In witness whereof the undersigned have executed this Settlement Agreement as of the date set forth below.

Dated: May 12, 2011

CARLTON FIELDS, P.A.                          GRUSHKO & MITTMAN, P.C.

By: _____ ˙ˢ⁻¹ˢ⁻ᵉ¹          By: _____
Aaron S. Weiss, Esq. (AW 7589)                Eliezer Drew, Esq. (ED0625)
Attorneys for Defendant                       Attorneys for Plaintiff
100 Southeast Second Street, Suite 4200       515 Rockaway Avenue
Miami, Florida 33131                          Valley Stream, NY 11581
(305) 530-0050                                (212) 697-9500

Imaging Diagnostic Systems, Inc.              Shraga Levin

By: Linda B. Grable                           _____
Its: Chief Executive Officer


So Ordered

Louis L. Stanton
U.S.D.J.
                    May 20, 2011

19017977.16

In witness whereof the undersigned have executed this Settlement Agreement as of the date set forth below.

Dated: May **15**, 2011

CARLTON FIELDS, P.A.

By: _____
Aaron S. Weiss, Esq. (AW 7589)
Attorneys for Defendant
100 Southeast Second Street, Suite 4200
Miami, Florida 33131
(305) 530-0050

GRUSHKO & MITTMAN, P.C.

By: _____
Eliezer Drew, Esq. (ED0625)
Attorneys for Plaintiff
515 Rockaway Avenue
Valley Stream, NY 11581
(212) 697-9500

Imagining Diagnostic Systems, Inc.

Shraga Levin

By: _____
Its:

So Ordered

_____
U.S.D.J.

19017977.16

EXHIBIT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHRAGA LEVIN | Index No. 11 Civ. 1392 (LLS) |
| Plaintiff, | **STIPULATION OF** |
| -against- | **VOLUNTARY DISMISSAL** |
| IMAGINING DIAGNOSTIC SYSTEMS, INC., | |
| Defendant. | |

It is hereby stipulated and agreed to between the parties that the above captioned matter is

hereby dismissed, *with prejudice*, pursuant to Fed. R Civ. P. 41(a)(1)(A)(ii).

Dated: _____, 2011

CARLTON FIELDS, P.A.                        GRUSHKO & MITTMAN, P.C.

By: _____                By: _____
Aaron S. Weiss, Esq. (AW7589)              Eliezer Drew, Esq. (ED0625)
Attorneys for Defendant                     Attorneys for Plaintiff
100 Southeast Second Street, Suite 4200    515 Rockaway Avenue
Miami, Florida 33131                        Valley Stream, New York 11581
(305) 530-0050                              (212) 697-9500

19017977.17